| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, COLORADO<br><br>Court Address: 7325 S Potomac St.<br>              Centennial, CO 80112 | DATE FILED: December 8, 2022 9:55 AM<br>FILING ID: 129FE10399BAE<br>CASE NUMBER: 2022CV32267 |
| Plaintiff: Tracie Triplett<br>v.<br><br>Defendant: State Farm Mutual Automobile Insurance Company | ▲COURT USE ONLY▲ |
| Attorneys for Plaintiff:<br>Jonathan Drucker, No. 52322<br>Joshua Hotchkiss, No. 53105<br>Franklin D. Azar & Associates, P.C.<br>14426 East Evans Avenue<br>Aurora, CO 80014<br>Phone Number: (303) 757-3300<br>Fax Number: (303) 757-3206<br>E-Mail: druckerj@fdazar.com<br>       hotchkissj@fdazar.com | Case Number:<br><br>Division/Ctrm: |
| **COMPLAINT** | |

COMES NOW, Tracie Triplett, by and through her attorneys, Franklin D. Azar and Associates, P.C., for her Complaint against Defendant State Farm Mutual Automobile Insurance Company, states and alleges as follows:

### I.   PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Tracie Triplett (hereinafter, "Ms. Triplett") is an individual and resident of the State of Colorado.

2. Defendant State Farm Mutual Automobile Insurance Company (hereinafter, "Defendant State Farm") is a foreign corporation licensed to conduct business in Colorado and maintains its principal place of business at One State Farm Plaza, Bloomington, IL 61710.

3. Defendant State Farm's registered agent is Corporation Service Company, 1900 W. Littleton Boulevard, Littleton, CO 80120.

4. Jurisdiction is proper in this action, pursuant to C.R.S. § 13-1-124, as the incident underlying this cause of action occurred within Arapahoe County, State of Colorado.

1

5. Venue is proper in this action, pursuant to C.R.C.P. § 98(c)(5), as the incident underlying this cause of action occurred within Arapahoe County, State of Colorado.

## II. GENERAL ALLEGATIONS

6. On December 13, 2021, at approximately 10:00 AM, Ms. Triplett was traveling southbound S. McCulloch Blvd. in Pueblo West, Colorado.

7. Immediately prior to the collision, Rene Wing was making a right hand turn from S. Genrose Dr. onto S. McCulloch Blvd. in Pueblo West, Colorado.

8. Ms. Wing's vehicle struck Ms. Triplett's vehicle as Ms. Wing was in the process of completing her turn.

9. Ms. Triplett had the right of way at the time of the collision.

10. The Pueblo County Sheriff's Office investigated the collision.

11. Deputy Eloysa Trujillo, Officer No. D80, of the Pueblo County Sheriff's Office drafted the traffic accident report of the collision.

12. Deputy Trujillo cited Ms. Wing with Careless Driving, in violation of C.R.S. § 42-4-1402(2)(A).

13. Defendant State Farm agrees that Ms. Wing was solely responsible for causing the collision.

14. Defendant State Farm agrees that Ms. Triplett was injured in the collision.

15. Defendant State Farm agrees that Ms. Triplett did not contribute to the collision.

16. Ms. Wing was insured with Farmers Insurance Company on December 13, 2021.

17. Ms. Wing's policy with Farmers Insurance Company provided for $50,000 in liability coverage.

18. Defendant State Farm agrees that Ms. Wing had $50,000 in applicable liability coverage for the December 13, 2021 collision.

19. Ms. Wing was underinsured.

20. Defendant State Farm agrees that Ms. Wing did not have sufficient coverage to compensate Ms. Triplett for the injuries she sustained in the December 13, 2021 collision.

21. Ms. Triplett was insured with Defendant State Farm on December 13, 2021.

22. At the time of the collision, Ms. Triplett's automobile policy with Defendant State Farm provided for $100,000 per person, $300,000.00 per collision, in underinsured motorist ("UIM") coverage.

23. Ms. Triplett's contract with Defendant State Farm is identified by policy number 495 6812-B28-06A.

24. Ms. Triplett had a total of $100,000 in underinsured motorist coverage with Defendant State Farm applicable to the December 13, 2021 collision.

25. Ms. Triplett timely notified Defendant State Farm of her claim.

26. Ms. Triplett settled her claim against Ms. Wing for her liability limits of $50,000.

27. Defendant State Farm granted Ms. Triplett permission to settle with Ms. Wing.

28. Ms. Triplett's collision related medical bills are more than $67,000.00.

29. Defendant State Farm has the ability, under its contract with Ms. Triplett, to have her be evaluated by a doctor of its choosing.

30. Defendant State Farm has never requested that Ms. Triplett be examined by a doctor selected by State Farm.

31. Defendant State Farm has waived its right to have Ms. Triplett be examined by a doctor of Defendant State Farm's choosing.

32. In correspondence dated October 25, 2022, Defendant State Farm evaluated Ms. Triplett's underinsured motorist claim at $50,000.00.

33. In correspondence dated November 29, 2022, Defendant State Farm evaluated Ms. Triplett's underinsured motorist claim at $55,000.00.

34. Defendant State Farm has not issued any benefits to Ms. Triplett for non-economic damages (pain and suffering, inconvenience).

35. Ms. Triplett's policy with State Farm provides coverage for physical impairment caused by Ms. Wing.

36. Ms. Triplett's policy with Defendant State Farm provides coverage for general damages caused by Ms. Wing.

37. Defendant State Farm adjusters are trained to evaluate physical impairment.

38. Defendant State Farm adjusters are trained to evaluate general damages.

39. Defendant State Farm adjusters are trained to place a dollar value on physical impairment.

40. Defendant State Farm adjusters are trained to place a dollar value on non-economic damages.

41. Defendant State Farm has no reasonable basis to deny that Ms. Triplett suffered physical impairment as a result of the collision.

42. Defendant State Farm has no reasonable basis to deny that Ms. Triplett suffered general damages as a result of the collision.

43. Defendant State Farm agrees that Ms. Triplett suffered impairment as a result of the collision.

44. Defendant State Farm agrees that Ms. Triplett suffered general damages as a result of the collision.

45. Defendant State Farm continues to earn investment income on all funds it offers, but does not pay, to Ms. Triplett.

46. Defendant State Farm places its interest above that of its insureds.

47. Ms. Triplett's UIM coverage pays compensatory damages for bodily injury an insured is legally entitled to collect from the owner or driver of an underinsured motor vehicle.

48. Defendant State Farm has reviewed Ms. Triplett's medical records.

49. Defendant State Farm has failed to compensate Ms. Triplett for all of her injuries.

50. Defendant State Farm has delayed payment of underinsured motorist benefits to Ms. Triplett.

51. Defendant State Farm has denied Ms. Triplett underinsured motorist benefits.

52. Under the terms of Ms. Triplett's UIM insurance policy with Defendant State Farm, Defendant State Farm could request that Ms. Triplett submit to an examination under oath.

53. As of the date of filing, Defendant State Farm has not requested that Ms. Triplett submit to an examination under oath.

54. Defendant State Farm has waived its right to have Ms. Triplett submit to an examination under oath.

55. Ms. Triplett has cooperated with Defendant State Farm.

56. Ms. Triplett has reasonably complied with all of Defendant State Farm's requests.

57. Defendant State Farm is aware of the Colorado Supreme Court Case of *State Farm v. Fisher*, 2018 CO 39.

58. Defendant State Farm trains its adjusters to follow Colorado law.

59. Defendant State Farm trains its adjusters to follow *State Farm v. Fisher*, 418 P.3d 501 (Colo. 2018).

60. *State Farm v. Fisher*, 418 P.3d 501 (Colo. 2018), requires UIM carriers to pay undisputed damages in excess of the underinsured driver's liability limits.

61. Defendant State Farm knows that unreasonably withholding benefits from an insured is contrary to Colorado law.

62. Defendant State Farm has failed to tender undisputed benefits.

63. Defendant State Farm has failed to pay all the benefits owed to Ms. Triplett for her UIM benefits.

64. Defendant State Farm owes Ms. Triplett a duty of good faith.

65. Defendant State Farm has a duty to continue to evaluate the claim in good faith after litigation is commenced.

66. Defendant State Farm has never advised Ms. Triplett that she is not cooperating.

67. Defendant State Farm has never sent Ms. Triplett a reservation of rights letter.

68. Defendant State Farm knows that the assertion of baseless affirmative defenses is evidence of bad faith.

69. Defendant State Farm has determined that Ms. Triplett's claim has a range of values at which it would agree to settle her claim.

70. Defendant State Farm's full range of value has not been communicated to Ms. Triplett.

71. Defendant State Farm's policy with Ms. Triplett does not require her to negotiate with Defendant State Farm to received benefits.

72. Defendant State Farm's policy with Ms. Triplett does not require her to settle her claims with Defendant State Farm to receive UIM benefits.

73. Defendant State Farm has no basis in law to delay payment of UIM benefits to Ms. Triplett.

74. Defendant State Farm continues to earn investment income on all funds owned to Ms. Triplett, but not paid to Ms. Triplett.

75. Defendant State Farm places its interest above that of its insureds.

76. Defendant State Farm knows that unreasonably withholding benefits from an insured is contrary to Colorado law.

77. Defendant State Farm has no reasonable basis to withhold said benefits from Ms. Triplett.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract Claim for Underinsured Motorist Benefits)

78. Ms. Triplett incorporates all prior allegations as though fully set forth herein.

79. Sometime prior to the collision, Ms. Triplett, entered into a contract with Defendant State Farm for the purpose of obtaining automobile insurance, which policy includes coverage for claims involving uninsured and underinsured motorists.

80. At all times pertinent to the within action, all the premiums, as required under the contract for insurance, were paid to State Farm.

81. Ms. Triplett has advised Defendant State Farm of a claim for underinsured motorist benefits for this incident under its policy of insurance and has otherwise fully cooperated with State Farm in connection with the claim.

82. Ms. Triplett is an intended beneficiary of Defendant State Farm's Insurance policy/contract and is therefore entitled to enforce its terms.

83. Ms. Triplett is entitled to be compensated by Defendant State Farm for all damages she has incurred, including pain, suffering, loss of enjoyment of life, loss of earnings and earning capacity, permanency and/or impairment, and disability, and past and future medical expenses under the uninsured motorist coverage of the policy.

84. Defendant State Farm has failed to adequately compensate Ms. Triplett for her damages and, as a result, has breached the terms of the contract to which Ms. Triplett in an intended beneficiary.

## SECOND CLAIM FOR RELIEF
### (First Party Statutory Claim under C.R.S §§ 10-3-1115 and 1116)

85. Ms. Triplett incorporates all prior allegations as though fully set forth herein.

86. Defendant State Farm has delayed payment of underinsured motorist benefits to Ms. Triplett without a reasonable basis for its action.

87. Defendant State Farm has denied payment of underinsured motorist benefits to Ms. Triplett without a reasonable basis for its action.

88. Defendant State Farm's unreasonable position and conduct has caused Ms. Triplett damage by the loss of the compensation that is due to her and which State Farm should have previously paid to her.

89. In accordance with C.R.S. § 10-3-1116, Ms. Triplett is entitled to recover from Defendant State Farm two times the covered uninsured motorist benefits plus reasonable attorney's fees and court costs.

## THIRD CLAIM FOR RELIEF
### (Bad Faith)

90. Ms. Triplett incorporates all prior allegations as though fully set forth herein.

91. Defendant State Farm owed Ms. Triplett a duty to act in good faith in reviewing, adjusting and settling her claims.

92. Defendant State Farm breached its duties to its insured, and acted in bad faith, through its conduct as described above and by engaging in the following, among other acts:

   (a) Compelling Ms. Triplett to institute litigation to recover amounts due to her under the underinsured motorist bodily injury liability benefits afforded Ms. Triplett under the insurance policy by undervaluing the extent of her damages;

   (b) Favoring the interests of Defendant State Farm, an insurer, over those of Ms. Triplett, an insured, to whom Defendant State Farm owes fiduciary and statutory duties;

   (c) Withholding benefits owed without a reasonable basis;

   (d) Having an institutional practice of withholding benefits owed to its insured to profit financially as a corporation and to intimidate insureds into settling for less than the value of the claim;

   (e) Denying or delaying payment of reasonable compensation for the injuries, damages, and losses Ms. Triplett suffered at the hands of an underinsured motorist;

  (f)  Denying or delaying payment of reasonable compensation for medical bills Ms. Triplett incurred; and

  (g)  Incompetently evaluating Ms. Triplett's claim.

93. Defendant State Farm's actions are unreasonable.

94. Defendant State Farm knew its conduct was unreasonable or disregarded the fact that its conduct was unreasonable.

95. As a direct result of Defendant State Farm's breaches of its duties to its insured, Ms. Triplett has been damaged including, but not necessarily limited to:

  (a)  Being forced to incur additional costs in litigation;

  (b)  Enduring the emotional trauma of being unnecessarily involved in a lawsuit with Defendant State Farm; and

  (c)  Being deprived of the use of funds that would otherwise be used for medical treatment, which should have been paid by now.

WHEREFORE, Ms. Triplett respectfully requests this Court enter judgment against Defendant State Farm, and in her favor, for actual damages in an amount to be determined at the time of trial, pre-judgment interest from the date of the accident, post-judgment interest, costs, expert witness fees, and for such other and further relief as this Court deems proper.

Respectfully submitted this December 8, 2022.

            **FRANKLIN D. AZAR & ASSOCIATES, P.C.**

            By: */s/ Jonathan Drucker*
            Jonathan Drucker, No.
            ATTORNEY FOR PLAINTIFF

**Plaintiff's Address:**
**1220 Englelman Rd.**
**Westcliffe, CO 81252**

*In accordance with C.R.C.P. 121, §1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.*